UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNGER, TOLLES, & OLSON, LLP O/B/O AMERICAN MANAGEMENT SERVICES LLC, D/B/A PINNACLE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY,<br><br>Defendant. | Civil Action No. 13-6890 |

## DECLARATION OF JOSE L. BURGOS

I, Jose L. Burgos, make the following declaration:

1. I serve as the Program Manager for the Freedom of Information Act in the Special Programs Office, Office of the Administrative Assistant to the Secretary of the Army, Fort Belvoir, Virginia. As the Initial Denial Authority (IDA) representative, I am responsible for receiving, staffing, advising, and providing a final resolution of all FOIA/PA cases for my organization, to include direct requests, referrals, IDA reviews and consultations. I am familiar with the efforts of Department personnel to process the subject request, and I am in charge of coordinating the agency's search and recovery efforts with respect to that request.

2. Based on my current position and past experience, I am familiar with the Department of Defense (DOD) and the Department of the Army (DA) procedures of responding to requests for information in accordance with 4 U.S.C. § 552a, 5 U.S.C § 552, Freedom of Information Act, Privacy Act of 1974, Department of the Army Freedom of Information Act Program, Army Privacy Program, Army Regulation 25-55, and Army Regulation 340-21. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established for processing the subject request and upon information furnished to me in the course of my official duties.

ACTIONS CONCERNING PLAINTIFF'S FOIA REQUEST

3. Set forth below are the actions taken in reference to the September 17, 2012, FOIA request submitted to DA by Munger, Tolles, & Olson LLP on behalf of American Management Services LLC, doing business as Pinnacle ("Pinnacle").

4. Searches were directed to be conducted by all Army offices that were likely to have responsive information. Those offices are the Assistant Secretary of the Army for Installations, Energy and Environment (ASA-IEE), Deputy Assistant Secretary of the Army for Installations, Housing and Partnerships (DASA-IH&P), Office of the Assistant Chief of Staff for Installation Management (OACSIM) [all located at the Pentagon], and the United States Army Corps of Engineers, Norfolk office (USACE).

5. The search was conducted by the following Army personnel in response to Plaintiff's request: Ms. Rhonda Hayes, Mr. Sandy Clark, Mr. Mark Connor, Mr. Scott Chamberlain, Mr. Todd Hunter, Mr. VJ Abdoo, Ms. Deb Hutton, Mr. John Scharl (all at the Pentagon), and Ms. Jackie Wilkinson and Ms. Kathleen Germano (both at USACE Norfolk).

6. All personnel conducted a search of hard copy files at their respective locations, email files, and the Pentagon digital archives (H-drive, J-drive and Y-drive). Each associated Program Manager (PM) reviewed his own H-drive and a designated HQDA representative searched the organization's J- and Y-drives for information related to the specific Project (Forts Belvoir, Benning, Irwin, and the Presidio of Monterey). All available hard copy files were reviewed, including hard copy files that were mailed to the USACE RCI Realty Program Support Specialist / Documentum Custodian for scanning and storage on Documentum (a digital archive of completed action). Although each PM maintains hard copy files for a certain length of time, most dispose of them quickly by either mailing them to USACE (Documentum) or by using the Pentagon Burn Bag disposal system. Hard copy files are not maintained due to office / cubicle space restrictions. Therefore, USACE personnel (specifically, the USACE RCI Realty Program Support Specialist / Documentum Custodian) were tasked with conducting a search of Documentum by searching all available files for details specific to these projects using the search terms previously discussed.

7. All available email files were searched by each PM. Each PM maintains email files for a certain length of time based upon their own practice, but most dispose or store emails within a short period of time due to space limitations of the H-drive, server constraints, or when they switch projects with a different PM.

8. Search terms used were: Fort Belvoir (FBRC), Fort Benning, Fort Irwin (CMC), Presidio of Monterey (POM), Major Decision, Modified Scope Plan (MSP), and Capital Contributions, MSP Briefing. Searches were also conducted by Project Director Name (Clark Employees) - Casey Nolan, Phil Cowley, Jodi Winters, and Fran Coen. The Program Managers (PM) for each project used appropriate search terms for their specific projects. For example, the Fort Belvoir PM searched all available electronic files on the H-drive for associated terms such as Fort Belvoir, FBRC, Fort Belvoir or FBRC MSP, MD, etc. - words associated with that specific project.

9. Documents discovered and provided included: Modified Scope Plans and multiple email exchanges concerning Fort Benning, Fort Belvoir, Fort Irwin and the Presidio of Monterey. To the extent that the Plaintiff expected the recovery of draft copies of documents (hard copy or email), those are not normally retained due to space limitations.

10. The following addresses questions raised by Plaintiff in December 2013 during the meet and confer process prior to the filing of the motion for summary judgment:

- Interim Modified Scope Plan Drafts: Interim modified scope plans are not available for Fort Irwin and Fort Belvoir. The Program Manager (PM) for these two Projects is different than when these Major Decision actions were initiated or completed. No electronic files were passed to the current PM and any documents stored in the prior PM's emails were retained for 6 months and then deleted from the server.

- Materials Related to the Fort Irwin Capital Contributions: The capital contribution completed in 2010 was located and provided to Plaintiff via a subsequent disclosure. There are no records available to the PM documenting the 2009 capital contribution.

- Presentations: There are no responsive presentations available for Fort Irwin, Fort Belvoir and the Presidio of Monterey. Searches of the above listed files yielded no results.

- Analyses and Reports: The current Fort Irwin PM was not present during the MSP and does not have any of the files referenced.

- Emails: No emails referencing the Fort Irwin or Fort Belvoir MSP were retained upon the departure of the ASA-IE&E PM. Any emails retained referencing the MSPs at these four installations were provided.

- Pro Formas and related documents: No pro forma is available for the Fort Belvoir MSP due to the change in PM. The Presidio of Monterey PM has reviewed his electronic files and they do not contain the requested MSP pro forma.

11. The overarching reason many of the emails or requested documents referenced in the FOIA request (attached) are not available is because PMs have either retired, switched Projects, or deleted old emails and electronic files due to space restrictions. Prior emails are not carried over when personnel change Projects and the email accounts of retired personnel are only active for 6 months prior to being deleted. Due to the space limitations within HQDA, very few hard copy files are retained for any length of time. Final documents are sometimes digitized and stored by

the PM on the electronic files mentioned above. Most of the email and back and forth questions between PMs is deleted due to space limitations. Ordinarily, only final documents are archived in digital format.

12. The following addresses questions raised by Plaintiff in June 2014 during the meet and confer process prior to the filing of the motion for summary judgment:

- Email Retention Questions
    - Mr. Dean Perez, Program Manager, moved from the Army to a position within OSD in 2010, and then retired from OSD in April 2013. His emails from his time with the Army were deleted from his hard drive (H-Drive) within 6 months of his 2010 departure.
    - Ms. Rhonda Hayes, Chief, Capital Ventures Directorate, assigned the Fort Belvoir RCI Project to Mr. Scott Chamberlain, Program Manager, in April 2010. She subsequently deleted all of her Fort Belvoir emails sometime in 2010 to make space on her computer's hard drive for other active RCI Projects.
    - Ms. Barbara Sincere, Program Manager, transferred the Fort Irwin RCI Project to Mr. Scott Chamberlain in August 2010, prior to her retirement. She did not forward any of her Project emails and did not place them on the shared drives. Ms. Sincere retired in January 2011, and any emails she did not delete on her own were automatically cleared from the server within 6 months of her retirement.

- Document Retention Questions
    - The Department of Defense (DoD) migrated to the Enterprise Network in March 2011. Prior to that date, all personnel in the Pentagon were instructed to reduce the size of their mailbox to 100MB or smaller. Based on that instruction, all of the Program Managers in the Capital Ventures Directorate deleted all unnecessary emails, including emails with attachments. Program Managers do not normally archive daily email "traffic" on any of the digital archives, such as the H-, J-, or Y- drives. Archiving of finalized Major Decisions, PowerPoint presentations or real estate documents is normally done on the shared drives. Under the Enterprise System, if an email is deleted it can be restored within 14 days, but after that amount of time, it becomes permanently deleted from the system. In addition, the Information Management Officer routinely requests personnel "clean up" the shared drives by deleting unnecessary electronic files and documents to save digital archiving space. Any, or all, of the personnel noted herein could have deleted unneeded files from the share drives at any time within the past several years to free up digital space.

- <u>Document Retention Policies</u>
  - The Department of Defense began migration to the Enterprise Network in March 2011. Prior to that date, all personnel in the Pentagon were instructed to reduce the size of their mailbox to 100MB or smaller. Based on that instruction, all of the Program Managers in the Capital Ventures Directorate deleted all unnecessary emails, including emails with attachments. The Office of the Deputy Assistant Secretary of the Army (Installations, Housing, and Partnerships) was notified by the US Army Corps of Engineers (USACE) of pending litigation in early 2013. Since that time, no project records pertaining to Fort Belvoir, Fort Benning, Fort Irwin or Presidio of Monterey were moved from their current file space or deleted from personal (H-Drive) or organization (Y- or J-Drive) electronic files.

13. Justification for redactions and withholdings of certain records by Clark Realty Capital, LLC and its affiliates (the Companies):

- The Companies' attorneys redacted or withheld from Plaintiff information that was exempt from disclosure under the FOIA, 5 U.S.C. § 552, the Federal Trade Secrets Act, 18 U.S.C. § 1905, and DoD regulation. Part 20. In all, CRC released 26 documents (379 pages) in full or with redactions and withheld six Excel Spreadsheets in their entirety. The redacted and withheld records, and the bases for CRC's redactions and withholdings, are described in the CRC Vaughn index.

- The redacted documents that were responsive to Plaintiff's FOIA Request contained information exempt from disclosure under FOIA Exemption 4, which protects trade secret and commercial or financial information obtained from a person that is privileged or confidential. 5 U.S.C. § 552(b)(4); see also 18 U.S.C. § 1905. DoD's regulation implementing Exemption 4 protects from public disclosure documents"[containing trade secrets or commercial or financial information that a DoD Component receives from a person or organization outside the Government with the understanding that the information or record will be retained on a privileged or confidential basis in accordance with the customary handling of such records. <u>See</u> 32 C.F.R. § 286.12(d). Among other things, this exemption affords protection to commercial or financial information received in confidence in connection with loans, bids, contracts, or proposals set forth in or incorporated by reference in a contract entered into between the DoD component and the offeror that submitted the proposal, as well as other information received in confidence or privileged, such as trade secrets, inventions, discoveries, or other proprietary data. 32 C.F.R. § 286.12(d)(1).

14. It is my opinion that the Army has conducted a thorough search all record systems and files that are reasonably likely to contain records responsive to Plaintiff's Request, and such searches resulted in the identification of __32__ records responsive to the request.

15. Based on my review of the records, it appears that disclosure of the requested information is likely to impair the Government's ability to obtain necessary information in the future if the Court orders it disclosed.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the forgoing is true and correct.

Executed this __30__ day of __June__ 2014.

_____
Jose L. Burgos
FOIA Program Manager