O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNGER, TOLLES & OLSON LLP O/B/O AMERICAN MANAGEMENT SERVICES LL, D/B/A PINNACLE,<br><br>              Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY,<br><br>             Defendant. | Case No. CV 13-06890 DDP (MANx)<br><br>**ORDER RE: (1) SUPPLEMENTAL BRIEFING; (2) IN CAMERA REVIEW OF UNREDACTED DOCUMENTS** |

    The Court has received the parties' motions for summary judgment in this matter regarding Freedom of Information Act ("FOIA") disclosures. It appears that the key to these motions is the question of whether some of the requested material may be withheld or redacted under U.S.C. § 522(b)(4). That provision exempts documents that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." There does not appear to be any disagreement that the documents in question involve commercial or financial information obtained from a person. Thus, the critical component

of the 522(b)(4) exemption in this case is likely to be a determination of whether the information is "confidential."

The Ninth Circuit has held that information obtained from third parties is "confidential" for § 522(b)(4) purposes if disclosure would either "impair the Government's ability to obtain necessary information in the future" or "cause substantial harm to the competitive position of the person from whom the information was obtained." GC Micro Corp. v. Def. Logistics Agency, 33 F.3d 1109, 1112 (9th Cir. 1994) (citing Nat'l Parks & Conservation Ass'n v. Morton, 498 F.2d 765 (D.C.Cir.1974)).  In practice, it seems likely that the first prong will often merge with the second prong: that is, contractors will be unwilling to provide this sort of information to the government to the degree that disclosure of the information would tend to hurt their competitive position.

Summary judgment is only appropriate where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56. FOIA cases "may usually be decided on summary judgment," because often the only factual question is about the contents of the documents themselves. Assembly of State of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 919 (9th Cir. 1992).  However, in the § 522(b)(4) context, whether disclosure will cause "harm to the competitive position" of the third party can, itself, be an issue of material fact. See, e.g., Nat'l Parks, 498 F.2d at 770-71 (remanding for further factual development where it was not clear whether affected third party's competitive position would be injured).  Moreover, it is likely to be a mixed issue of law and fact requiring a discussion of precedent regarding the categories of information that are to be disclosed.  The disclosure of some

categories of information may be assumed to serve the public interest, absent special reasons justifying non-disclosure. E.g., "[d]isclosure of prices charged the Government is a cost of doing business with the Government.... Adequate information enables the public to evaluate the wisdom and efficiency of federal programs and expenditures." JCI Metal Products v. U.S. Dep't of the Navy, No. 09-CV-2139-IEG, 2010 WL 2925436 (S.D. Cal. July 23, 2010) (quoting Racal-Milgo Gov't Sys., Inc. v. Small Bus. Admin., 559 F.Supp. 4, 6 (D.D.C.1981)).

Thus, in order to properly rule on these motions, the Court must have three things. It must have an adequate understanding of the content of the documents. It must also have enough factual information about the likely impact of the redacted or withheld documents on the third party's competitive position to be able to make a reasoned decision as to whether there remains a disputed issue of material fact. Finally, the Court must be adequately briefed on case law regarding, not just § 522(b)(4) generally, but the particular kinds of information at stake in the case.

Additionally, Plaintiff must be given adequate information with which to make its case for the release of documents. "Categorical description of redacted material coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate." King v. U.S. Dep't of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987). This is because the "categorical approach affords [the requester] little or no opportunity to argue for release of particular documents." Wiener v. F.B.I., 943 F.2d 972, 979 (9th Cir. 1991).

1     For all the above reasons, the Court orders the following:

2

3  •  ***Defendant*** shall file with the Court unredacted copies of all
4     produced documents in this case (apparently 32 in number),
5     ***under seal and in camera***, no later than 2:00 p.m., Tuesday,
6     October 14, 2014, with courtesy copies delivered to chambers
7     at the same time.
8  •  ***Defendant*** shall file with the Court a supplement to its Vaughn
9     Index describing all the documents (apparently six in number)
10    that have been withheld in their entirety.  These documents
11    need not be described with so much particularity as to reveal
12    their actual contents, but the description must be sufficient
13    to put Plaintiff on notice as to their nature and general
14    significance, so that Plaintiff may effectively argue for
15    their release.  The supplement shall be filed no later than
16    12:00 p.m., Friday, October 10, 2014, with courtesy copies
17    delivered to chambers at the same time.
18 •  ***Both parties*** shall file a supplemental briefing, no longer
19    than fifteen pages under the provisions of the Local Rules,
20    solely on the issue of harm to the competitive position of the
21    third party.  Parties shall address relevant precedent
22    regarding the specific kinds of information in the documents,
23    such as: technical drawings; scheduling plans; and financial
24    information like prices, costs, budgeting information, and
25    income and debt information.  (<u>See</u> Def.'s Vaughn Index.)
26 •  In the supplemental briefings, parties shall also address the
27    question of whether disclosure of information about these
28    projects is likely to harm the competitive position of Clark

4

     Realty Capital and/or related companies, especially in light of the argument made by Plaintiff that the market for this kind of military housing project is essentially closed. (Pl.'s Mot. Summ.J. at 18-19.)  Parties are encouraged to support these factual arguments with relevant exhibits.

- The supplemental briefings and any accompanying exhibits shall be filed no later than 2:00 p.m., Tuesday, October 14, 2014, with courtesy copies delivered to chambers at the same time.

IT IS SO ORDERED.

Dated: October 6, 2014

                           DEAN D. PREGERSON
                           United States District Judge